UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICARDO A. SISNEROS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-03753-PHK<br><br>**ORDER DENYING PLAINTIFF VICTORIA SISNEROS'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND MOTION TO APPOINT COUNSEL**<br><br>Re: Dkts. 7-8 |

*Pro se* Plaintiff Victoria Sisneros, purportedly through her father Ricardo A. Sisneros, who identifies himself as Victoria's "limited legal conservator," brings this action against the Oakland Unified School District and the Board of Education for the Oakland Unified School District, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12102 *et seq.*, and the California Education Code. [Dkt. 1]. Presently before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and her contemporaneously filed motion for the appointment of counsel. [Dkt. 7; Dkt. 8]. For the following reasons, both motions are **DENIED**.

**I.      IFP Application**

A plaintiff instituting a civil action in federal court must ordinarily pay a filing fee. *See* 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), a federal court "must authorize the commencement" of a civil suit without prepayment of the filing fee if the plaintiff submits an affidavit which "includes a statement of all assets" and which shows that the plaintiff is "unable to pay such fees or give security therefor."

The Complaint in this action, filed on April 30, 2025, identifies Victoria Sisneros—an adult who is apparently under a legal conservatorship due to disability—as the sole named

plaintiff. [Dkt. 1]. The Complaint identifies Victoria as proceeding *pro se* "by and through her legal limited conservator, Ricardo A. Sisneros." *Id.* at 2. The Complaint is signed only by Ricardo Sisneros, who is identified as "limited legal conservator, *in pro per*, In forma pauperus [sic]" in the signature block. *Id.* at 1, 12. The Complaint admits that Ricardo Sisneros is not a licensed attorney. *Id.* at 2 ("Plaintiff's legal limited conservator, Ricardo A. Sisneros . . . is not a licensed attorney[.]"). Contemporaneously with the Complaint, Mr. Sisneros filed an IFP application in his own name and on his own behalf, which was signed only by himself and filled out with information only as to his income, assets, expenses, and debts. [Dkt. 2].

On July 2, 2025, this Court issued an Order denying Mr. Sisneros's IFP application with prejudice as procedurally and substantively defective, because (among other reasons) Mr. Sisneros is not the named plaintiff and thus lacks standing to seek leave to proceed *in forma pauperis* in his own name. [Dkt. 6]. Also, the IFP application was found defective because the actual named plaintiff (Victoria) did not sign that application, and the application contained no information concerning the named plaintiff's finances. *Id.* The Court ordered Plaintiff and Mr. Sisneros to show cause as to why the case should not be dismissed, as required by law, in light of Plaintiff's lack of legal representation. *Id.*; *see also* Minute Entry, *Sisneros et al. v. Oakland Unified Sch. Dist.* ["*Sisneros I*"], No. 3:14-cv-05144-JST (N.D. Cal. Jul. 27, 2016), ECF No. 73.

On September 8, 2025, Plaintiff Victoria filed an IFP application in her own name, as well as a motion for the appointment of counsel. [Dkt.7; Dkt. 8]. The IFP application and motion are both signed by Plaintiff. However, as noted, the Complaint identifies Plaintiff Victoria as a "developmentally disabled adult" who is subject to a legal conservatorship. [Dkt. 1 at 2]. The Complaint's allegations make clear that Plaintiff Victoria's claims are asserted on her behalf, by her conservator, Mr. Sisneros, an individual who is not an attorney and who is himself *pro se*. *Id.*

Federal Rule of Civil Procedure 17 provides that "an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect [an] incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). Rule 17 sets forth examples of representatives who "may sue or defend" on behalf of an incompetent person,

2

1   including a conservator. Fed. R. Civ. P. 17(c)(1).

2       As Plaintiff Victoria's alleged conservator, Mr. Sisneros is entitled to bring this lawsuit on
3   Plaintiff Victoria's behalf. Fed. R. Civ. P. 17(c)(1)(A). However, as a non-lawyer, Mr. Sisneros
4   may not himself prosecute or litigate Plaintiff Victoria's case without legal counsel. *See* 28 U.S.C.
5   § 1654 (*Pro se* plaintiffs "may plead and conduct their own cases personally. . . . [T]he privilege to
6   represent oneself [*pro se*] . . . is personal to the litigant and does not extend to other parties or
7   entities"); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases
8   "adher[ing] to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of
9   others in a representative capacity"); *Roth v. AIG*, No. 2:24-cv-1124-TLN-CKD (PS), 2025 WL
10  2731753, at *1 (E.D. Cal. Sept. 25, 2025) (quoting *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130,
11  134 (2d Cir. 2009)) ("If the representative of the . . . incompetent person is not himself an
12  attorney, he must be represented by an attorney in order to conduct the litigation."); *L.A. v.
13  Mitchell*, No. 3:12-cv-810, 2013 WL 3658251, at *4 (M.D. Tenn. July 11, 2013) ("While [Rule
14  17(c)] allows for a conservator to 'sue or defend on behalf of . . . an incompetent person,' this rule
15  does not allow the conservator to act as attorney for the ward."); *Mansueto v. Brown*, No. 25-cv-
16  01859-BAS-VET, 2025 WL 2412160, at *2 (S.D. Cal. Aug. 19, 2025) (holding the plaintiff,
17  proceeding *pro se*, could not have claims asserted on her behalf by her non-attorney brother).

18      None of this should be a surprise to Plaintiff Victoria or to her father, Mr. Sisneros. In
19  *Sisneros I*, Judge Tigar issued an Order allowing Plaintiff's counsel to withdraw from representing
20  Plaintiff Victoria in that case, and simultaneously issued an Order to Show Cause "why Plaintiff's
21  action should not be dismissed, as required by law, in light of Plaintiff's lack of representation."
22  *Sisneros I*, No. 3:14-cv-05144-JST, ECF No. 76 at 1-2. In that Order, Judge Tigar stated that "[a]
23  non-attorney guardian ad litem may not maintain an action on behalf of a minor without
24  representation by an attorney. . . . The Court informed Mr. Sisneros at both the April 27 case
25  management conference and the July 27 case management conference that he would need to
26  obtain new counsel in order to maintain this suit." *Id.* at 2. Plaintiff Victoria ultimately failed to
27  retain substitute counsel in *Sisneros I* and that case was then dismissed without prejudice.
28  *Sisneros I*, No. 3:14-cv-05144-JST, ECF No. 78.

1    Both Plaintiff Victoria and her father have had ample notice and warning that, in order to
2    prosecute a lawsuit, Plaintiff Victoria is required to retain counsel to represent her. As
3    summarized in the legal standards discussed above, Plaintiff's father, as her conservator, is not
4    permitted to litigate or represent Plaintiff Victoria in this action because he is not a licensed
5    attorney. For purposes of the instant motion, because Plaintiff brings her claims through her legal
6    conservator, Mr. Sisneros, as is alleged in the Complaint, Plaintiff's IFP application is
7    procedurally defective, because the application was filed without the assistance of an attorney.

Accordingly, Plaintiff's IFP application [Dkt. 8] is **DENIED WITHOUT PREJUDICE**.

## II.   Motion for the Appointment of Counsel

Plaintiff Victoria has also filed a motion requesting the appointment of counsel, pursuant to 28 U.S.C. § 1915(e)(1). [Dkt. 7].

There is no right to appointed counsel in a civil case. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under the IFP statute, the district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision whether or not to appoint counsel for *pro se* litigants under § 1915(e)(1) "is within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of "exceptional circumstances" requires a finding of both "the likelihood of success on the merits and the ability of the petitioner to articulate [their] claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, Plaintiff Victoria has not demonstrated a likelihood of success on the merits. The motion for appointment of counsel makes no substantive effort to meet that standard. Further, Plaintiff Victoria has not demonstrated that any difficulty in litigating the case *pro se* derives from the complexity of the legal issues involved. Again, the motion for appointment of counsel makes no substantive effort to address or meet that standard.

To the extent that Plaintiff's motion for appointment of counsel is predicated on her being under a legal conservatorship (as is alleged in the Complaint), Plaintiff fails to provide substantial evidence of incompetence so as to justify the appointment of counsel. *See Booker v. Lee*, No.

4

2:22-cv-07258-SPG-JC, 2022 WL 19076796, at *1-2 (C.D. Cal. Oct. 17, 2022).

Further, a motion to appoint counsel pursuant to § 1915(e)(1) necessarily depends upon the plaintiff's ability to proceed as an IFP litigant. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). That is, a motion for appointment of counsel is procedurally proper for plaintiffs who have already been granted leave to proceed *in forma pauperis*. As discussed above, Plaintiff Victoria has not been granted leave to proceed *in forma pauperis*, and thus the motion for appointment of counsel lacks a necessary precondition and at best is premature.

Thus, as a procedural matter, the Court may not appoint counsel for Plaintiff Victoria, at least until Plaintiff Victoria has been determined eligible to proceed pursuant to the IFP statute due to indigence. Because Plaintiff Victoria has not yet shown her entitlement to proceed IFP pursuant to § 1915(a), she is not entitled to the appointment of counsel under § 1915(e)(1). *See Johnson v. United States*, No. 22-cv-1188-BAS-AGS, 2022 WL 9529687, at *2 (S.D. Cal. Oct. 14, 2022) (denying motion to appoint counsel under § 1915(e)(1) in light of the denial of the plaintiff's IFP application).

Accordingly, the motion to appoint counsel [Dkt. 7] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: October 17, 2025

_____
PETER H. KANG
United States Magistrate Judge