UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTORIA C. SISNEROS,

Plaintiff,

v.

OAKLAND UNIFIED SCHOOL
DISTRICT, et al.,

Defendants.

Case No.  25-cv-03753-WHO

**ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING CASE WITHOUT
PREJUDICE**

Re: Dkt. No. 20

On February 17, 2026, Magistrate Judge Peter Kang issued a Report and Recommendation ("R&R"), recommending that this case be dismissed without prejudice for failure to prosecute. R&R for Dismissal Without Prejudice [Dkt. No. 20].  Judge Kang explained that *pro se* plaintiff Victoria C. Sisneros ("Victoria") is a "developmentally disabled adult" subject to legal conservatorship under her father, Ricardo A. Sisneros ("Ricardo").  *Id.*  Victoria originally brought this case "by and through . . . Ricardo" against the Oakland Unified School District ("OUSD") and the OUSD Board, alleging various violations of Title II of the Americans with Disabilities Act, 28 U.S.C. §§ 12131 *et seq*.  Complaint ("Compl.") [Dkt. No. 1] ¶ 1.  Ricardo also brought an application *in forma pauperis* ("IFP") on Victoria's behalf, which was "signed only by himself and filled out with information only as to his income, assets, expenses, and debts."  Order Denying Application for Leave to Proceed IFP [Dkt. No. 6] ("First IFP Order") at 2; *see* Application to Proceed IFP [Dkt. No. 2].

On July 2, 2025, Judge Kang issued an order denying Ricardo's IFP application.  *See* First IFP Order at 1.  He first noted that the Complaint was signed only by Ricardo, despite him not being a licensed attorney.  *See id.*; Compl. ¶ 1 ("Plaintiff's legal limited conservator, Ricardo A. Sisneros . . . is not a licensed attorney[.]").  He similarly found the IFP application deficient

United States District Court
Northern District of California

because it was "signed only by Mr. Sisneros, in his own name and on his own behalf, and filled out with information only as to Mr. Sisneros's income, assets, expenses, and debts." R&R at 1. Indeed, the "actual named plaintiff (Victoria) did not sign that application, and the application contained no information concerning [her] finances." Order Denying Plaintiff Victoria Sisneros's IFP Application and Motion to Appoint Counsel ("Second IFP Order") [Dkt. No. 14] at 2 (citing First IFP Order). Because Ricardo was "not the named plaintiff," Judge Kang concluded that he "lack[ed] standing to seek leave to proceed IFP in his own name." *Id.* He then issued an Order to Show Cause ("OSC") requesting Ricardo and Victoria explain why the case should not be dismissed for failure to retain counsel. *See* First IFP Order at 4–5. Victoria and Ricardo were ordered to either file a written response or have retained counsel enter an appearance by October 6, 2025. *See id.*

On September 8, 2025, Victoria filed an IFP application in her own name, as well as a motion to appoint counsel. *See* Motion to Appoint Counsel [Dkt. No. 7]; Second Motion for Leave to Proceed IFP [Dkt. No. 8]. Unlike her previous filings, which contained only Ricardo's signature, this filing only contained Victoria's signature, despite the Complaint indicating all claims were brought on her behalf by Ricardo. *See id.* Judge Kang issued a second order denying her IFP application on October 17, 2025, noting that the application was (1) filed without the assistance of an attorney, and that (2) Victoria failed to show her entitlement to proceed IFP. *See* Second IFP Order at 1–5. He also noted that Victoria did not demonstrate a likelihood of success on the merits to meet the "exceptional circumstances" standard to appoint voluntary counsel in a civil case. *Id.* at 4; *see Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

As of today, neither Victoria nor Ricardo have responded to the OSC to explain why appointment of counsel would be unnecessary in the case. Nor has counsel entered an appearance on behalf of Victoria. Accordingly, Judge Kang issued this R&R, recommending I dismiss the case without prejudice for failure to prosecute and failure to comply with court orders. R&R at 8.

Federal Rule of Civil Procedure 41(b) permits courts to dismiss an action *sua sponte* for a plaintiff's "fail[ure] to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). Before imposing dismissal as a sanction, courts must consider: "(1) the public's

United States District Court
Northern District of California

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Having reviewed the docket, Judge Kang's orders, and the R&R, I ADOPT the R&R in full. As Judge Kang correctly notes, Rule 17 does not allow a conservator to litigate or prosecute a case without legal counsel. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases "adher[ing] to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); *see also Roth v. AIG*, No. 2:24-cv-1124-TLN-CKD (PS), 2025 WL 2731753, at *1 (E.D. Cal. Sept. 25, 2025) ("If the representative of the . . . incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation.") (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)); *L.A. v. Mitchell*, No. 3:12-cv-810, 2013 WL 3658251, at *4 (M.D. Tenn. July 11, 2013) ("While [Rule 17(c)] allows for a conservator to 'sue or defend on behalf of . . . an incompetent person,' this rule does not allow the conservator to act as attorney for the ward."). Here, neither Victoria nor Ricardo explain why they failed to retain counsel, despite Judge Kang's repeated directives. Nor can they claim ignorance of this requirement, as it was raised on numerous occasions. In his IFP Order, Judge Kang specifically addressed Rule 17 and explained that Victoria and Ricardo must retain counsel for the case to proceed. IFP Order at 2–4. He also noted that this was not the first case in which Victoria and Ricardo encountered this issue:

> In *Sisneros I*, Judge Tigar issued an Order allowing Plaintiff's counsel to withdraw from representing Plaintiff Victoria in that case, and simultaneously issued an Order to Show Cause "why Plaintiff's action should not be dismissed, as required by law, in light of Plaintiff's lack of representation." *Sisneros I*, No. 3:14-cv-05144-JST, ECF No. 76 at 1-2. In that Order, Judge Tigar stated that "[a] non-attorney guardian ad litem may not maintain an action on behalf of a minor without representation by an attorney. . . . The Court informed Mr. Sisneros at both the April 27 case management conference and the July 27 case management conference that he would need to obtain new counsel in order to maintain this suit." Id. at 2. Plaintiff Victoria ultimately failed to retain substitute counsel in *Sisneros I* and that case was then dismissed without prejudice.

*Sisneros I*, No. 3:14-cv-05144-JST, ECF No. 78.

IFP Order at 3.  I agree with Judge Kang that these facts show Ricardo and Victoria had "knowledge [of] the [Rule 17] defects here, based on their past attempt to improperly proceed *pro se* without counsel in *Sisneros I*," yet still failed to take any corrective action. R&R at 6.  Taken together, these circumstances suggest dismissal is appropriate.

I also agree with Judge Kang that the *Applied Underwriters* factors weigh in favor of imposing dismissal as a sanction. *See* 913 F.3d at 890.  Factor One—the "public's interest in expeditious resolution of litigation"—certainly favors dismissal. *Id.*  As Judge Kang noted in his R&R, "[a]bsent dismissal, [this] case will remain in limbo indefinitely, given Plaintiff's failures to retain legal counsel in this matter (despite repeated warnings to retain counsel), or to explain why such counsel is not required."  R&R at 5.  Factor Two, which considers the "court's need to manage its docket," similarly weighs in favor of dismissal. *See Applied Underwriters*, 913 F.3d at 890.  Victoria's failure to retain counsel makes it impossible for me to manage this case "without being subject to routine noncompliance by litigants." *See id.*  Finally, Factor Five, the "availability of less drastic alternatives," favors dismissal. *Id.*  As explained above, Victoria and Ricardo both had knowledge that Victoria needed to retain counsel for this case to proceed.  Yet, as Judge Kang noted, neither of them "made [an] attempt to respond . . . [or] otherwise show diligence in the prosecution of this case."  R&R at 6 (citing *Villalobos v. Vilsack*, 601 F. App'x 551, 552 (9th Cir. 2015)).  Because "at least three factors strongly support dismissal," I agree that dismissal is an appropriate sanction in this case. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).

I also agree with Judge Kang that dismissal *without prejudice* is the appropriate sanction. "[D]ismissal without prejudice is a more easily justified sanction for failure to prosecute." *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984).  Victoria and Ricardo were aware of the need to retain counsel but failed to on multiple occasions and across multiple cases. That is certainly concerning.  But given Victoria's *pro se* and *in forma pauperis* status, harsher sanctions, such as monetary penalties or dismissal without prejudice, would be "unintentionally or unnecessarily punitive." R&R at 7.  Accordingly, dismissal without prejudice appropriately balances the need to enforce

procedural rules with the obligation to avoid unduly harsh results. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

## CONCLUSION

I ADOPT Judge Kang's R&R in full and DISMISS this case WITHOUT PREJUDICE for failure to prosecute and failure to comply with court orders. Should Victoria wish to relitigate this case, she may file a new case but must be represented by counsel or provide sufficient explanation as to why counsel is not required.

**IT IS SO ORDERED.**

Dated: April 29, 2026



William H. Orrick
United States District Judge

United States District Court
Northern District of California

5